UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

|  |  |
|---|---|
| JOHN MICHAEL AUER, | ) |
| Petitioner, | ) 3:08-cv-0080-ECR-RAM |
| vs. | ) **ORDER** |
| BILL DONAT, *et al.*, | ) |
| Respondents. | ) |

This action is a *pro se* petition for writ of habeas corpus, pursuant to 28 U.S.C. § 2254, filed by a state prisoner. This matter comes before the Court on the merits of the petition.

**I. Procedural History & Background**

On October 24, 2006, petitioner pleaded guilty to one count of grand larceny of a motor vehicle and one count of attempted grand larceny of a motor vehicle. (Exhibits 7 & 8).[1] On January 11, 2007, the district court adjudicated petitioner a habitual criminal and sentenced him to serve a prison term of 5-20 years for grand larceny and a concurrent prison term of 19-48 months for attempted grand larceny. (Exhibit 14). Petitioner was further ordered to pay restitution. (*Id.*).

---

[1] The exhibits referenced in this order appear in the Court's record at ECF No. 18.

Petitioner appealed from his conviction. (Exhibit 15). Petitioner claimed that he was denied his right to have a jury determine that he was a habitual criminal. (Exhibit 21). On July 20, 2007, the Nevada Supreme Court issued its order affirming the conviction. (Exhibit 23).

On February 7, 2008, petitioner dispatched his federal habeas petition to this Court. (ECF No. 4, at p. 1). The petition contains one ground. Petitioner claims that his Fifth and Fourteenth Amendment rights were violated because the procedure used to adjudicate him a habitual criminal violated *Apprendi v. New Jersey*, 530 U.S. 466 (2000). Petitioner claims that the determination should have been made by a jury. Petitioner claims that a jury should have determined whether his prior convictions were trivial or stale. (ECF No. 4).

## II.  Federal Habeas Corpus Standards

The Antiterrorism and Effective Death Penalty Act ("AEDPA"), at 28 U.S.C. § 2254(d), provides the legal standard for the Court's consideration of this habeas petition:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim –
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

The AEDPA "modified a federal habeas court's role in reviewing state prisoner applications in order to prevent federal habeas 'retrials' and to ensure that state-court convictions are given effect to the extent possible under law." *Bell v. Cone,* 535 U.S. 685, 693-694 (2002). A state court decision is contrary to clearly established Supreme Court precedent, within the meaning of 28 U.S.C. § 2254, "if the state court applies a rule that contradicts the governing law set forth in [the Supreme Court's] cases" or "if the state court confronts a set of facts that are materially indistinguishable from

1  a decision of [the Supreme Court] and nevertheless arrives at a result different from [the Supreme

2  Court's] precedent." *Lockyer v. Andrade,* 538 U.S. 63, 73 (2003) (quoting *Williams v. Taylor,* 529

3  U.S. 362, 405-406 (2000) and citing *Bell v. Cone,* 535 U.S. 685, 694 (2002)).

      A state court decision is an unreasonable application of clearly established Supreme Court precedent, within the meaning of 28 U.S.C. § 2254(d), "if the state court identifies the correct governing legal principle from [the Supreme Court's] decisions but unreasonably applies that principle to the facts of the prisoner's case." *Lockyer v. Andrade,* 538 U.S. at 75 (quoting *Williams*, 529 U.S. at 413). The "unreasonable application" clause requires the state court decision to be more than merely incorrect or erroneous; the state court's application of clearly established federal law must be objectively unreasonable. *Id.* (quoting *Williams*, 529 U.S. at 409).

      In determining whether a state court decision is contrary to, or an unreasonable application of federal law, this Court looks to the state courts' last reasoned decision. *See Ylst v. Nunnemaker*, 501 U.S. 797, 803-04 (1991); *Shackleford v. Hubbard*, 234 F.3d 1072, 1079 n.2 (9th Cir. 2000), *cert. denied*, 534 U.S. 944 (2001). Moreover, "a determination of a factual issue made by a State court shall be presumed to be correct," and the petitioner "shall have the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1).

**III. Discussion**

      Petitioner claims that his due process rights were violated because a jury did not determine whether the prior convictions used in support of the sentencing court's determination to exercise its discretion and adjudicate him a habitual criminal were trivial or stale. (ECF No. 4, at p. 3). The Nevada Supreme Court addressed and rejected this claim, as follows:

> Auer contends that he is entitled to a new sentencing hearing conducted before a jury, because the procedure in place for habitual criminal adjudication violates Apprendi v. New Jersey. [Footnote 1: 530 U.S. 466 (2000).]. Auer claims that O'Neill v. State [Footnote 2: 123 Nev. __, 153 P.3d 38 (2007)] was wrongly decided by this court and must be revisited. We disagree.

> In O'Neill, this court stated that Nevada's habitual criminal statute, NRS 207.010, does not violate Apprendi. [Footnote 3: See id.]. In affirming the habitual criminal adjudication in O'Neill, this court expressly distinguished Nevada's statutory scheme from the Hawaii scheme at issue in one of the cases relied upon by Auer in this appeal. [Kaua v. Frank, 436 F.3d 1057, 1062 (9th Cir. 2006), cert. denied, 127 S. Ct. 1233 (2007); see also Cunningham v. California, 549 127 S.Ct. 856 (2007).]. Additionally, based on our review of the sentencing hearing transcript and Auer's extensive criminal history, we conclude that the district court did not abuse its discretion in deciding to adjudicate him as a habitual criminal. [Footnote 5: See NRS 207.010(2); Hughes v. State, 116 Nev. 327, 333, 996 F.2d 890, 893-94 (2000).].

(Exhibit 23, at pp. 1-2).

In *Almendarez-Torrez v. United States*, 523 U.S. 224 (1998), the United States Supreme Court held that a sentencing court may enhance a sentence on the basis of prior convictions even if the fact of those convictions was not found by a jury. *Apprendi* did not overrule *Almendarez-Torrez*. The Ninth Circuit has repeatedly held that *Almendarez-Torrez* remains binding law until explicitly overruled by the Supreme Court. *See United States v. Martinez-Rodriguez*, 472 F.3d 1087, 1092-93 (9th Cir. 2007); *United States v. Weiland*, 420 F.3d 1062, 1079 n.6 (9th Cir. 2005); *United States v. Reyes-Pacheco*, 248 F.3d 942, 944-45 (9th Cir. 2001); *United States v. Pacheco-Zepeda*, 234 F.3d 411, 413-14 (9th Cir. 2000).

On review of the issue, this Court finds that petitioner's due process rights were not violated. Petitioner has failed to meet his burden of proving that the Nevada Supreme Court's decision was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the United States Supreme Court, or that it was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding. The Court will deny habeas relief in this case.

**IV. Certificate of Appealability**

In order to proceed with an appeal, petitioner must receive a certificate of appealability. 28 U.S.C. § 2253(c)(1); Fed. R. App. P. 22; 9th Cir. R. 22-1; *Allen v. Ornoski,* 435 F.3d 946, 950-951

4

(9th Cir. 2006); s*ee also United States v. Mikels*, 236 F.3d 550, 551-52 (9th Cir. 2001).  Generally, a petitioner must make "a substantial showing of the denial of a constitutional right" to warrant a certificate of appealability. *Id.;* 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000).  "The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id.* (*quoting Slack*, 529 U.S. at 484).  In order to meet this threshold inquiry, the petitioner has the burden of demonstrating that the issues are debatable among jurists of reason; that a court could resolve the issues differently; or that the questions are adequate to deserve encouragement to proceed further.  *Id.*  This Court has considered the issues raised by petitioner, with respect to whether they satisfy the standard for issuance of a certificate of appealability, and determines that none meet that standard.  The Court will therefore deny petitioner a certificate of appealability.

**V. Conclusion**

    **IT IS THEREFORE ORDERED** that the petition for a writ of habeas corpus is **DENIED IN ITS ENTIRETY**.

    **IT IS FURTHER ORDERED** that petitioner is **DENIED A CERTIFICATE OF APPEALABILITY.**

    **IT IS FURTHER ORDERED** that the Clerk **SHALL ENTER JUDGMENT ACCORDINGLY.**

        Dated this 8th day of February, 2011.

        *Edward C. Reed.*
        ──────────────────────────
        UNITED STATES DISTRICT JUDGE